IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02385-MSK-MJW

ROGER GROSS,

       Petitioner,

v.

WARDEN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

       Respondents.

---

**ORDER DENYING APPLICATION FOR A WRIT OF HABEAS CORPUS**

---

THIS MATTER comes before the Court on the Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 **(#2)**, which the Respondents Answered **(#15)**. The Petitioner filed no traverse. Having considered the same, along with the pertinent portions of the State Court record **(#16),** the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 2254 and 1331.

### II. Procedural Background

The Petitioner, Roger Gross, was charged by the Denver District Attorney with second degree burglary, theft, vehicular eluding, and being an habitual offender. On May 28, 1998, he pled guilty to one theft and five habitual offender counts, and was sentenced to a term of imprisonment of 24 years. Judgment entered against Mr. Gross that same date. He filed no direct

appeal.

In the case at bar, Mr. Gross claims that his trial counsel was ineffective when she counseled Mr. Gross to plead guilty. He states that his counsel erroneously advised him that he faced a possible life sentence, when none of the charges against him would have qualified him for a life sentence.

Almost four years after he pled guilty, Mr. Gross presented this claim for the first time to the state court in a Supplemental Motion for Postconviction Relief filed on February 21, 2002. This was not his first motion for post-conviction relief, but he did not present this claim in any of his earlier motions. In considering the Supplemental Motion, the state court judge determined that the motion was untimely filed pursuant to § 16-5-402(1), C.R.S., because it was not filed within 3 years after judgment entered against Mr. Gross. It also found that there was no excusable neglect to justify extending the 3-year deadline.

Mr. Gross appealed to the Colorado Court of Appeals. It affirmed the district court's denial of post-conviction relief. It agreed that Mr. Gross did not timely file his motion for post-conviction relief, and that the record supported the district court's determination that there was no excusable neglect to extend the deadline for filing such motion. The Colorado Supreme Court denied *certiorari* review on December 20, 2004. The Colorado Court of Appeals issued the mandate on December 23, 2004.

Mr. Gross commenced this action on November 25, 2005. Because it appeared that he did not timely file his application, the Court issued an Order to Show Cause **(#6)** directing Mr. Gross to demonstrate that he timely filed his application, or to demonstrate a basis for equitable tolling.

In his response **(#7)**, Mr. Gross identified the dates of his sentence, the filing of state court motions, and state court rulings which he believed pertinent to the timeliness issue. He also attached a letter from an attorney, James Simpson, which advised him on December 29, 2004, that December 20, 2005 was the deadline for him to file an application for habeas relief in this Court. He also explained that he had been stabbed by another inmate, apparently in either late 2004 or early 2005, and spent much of 2005 in hospitals, rehabilitation, and protective custody.

### III. Issues Presented

The Respondent opposes Mr. Gross' application on two grounds. First, the Respondent contends that Mr. Gross did not timely file his application within the one-year statute of limitations which applies to an application for a writ of habeas corpus filed under 28 U.S.C. § 2254. Second, the Respondent asserts that Mr. Gross' claim is not subject to federal habeas corpus review because the state court denied it on an adequate and independent state ground.

The first issue presented is whether Mr. Gross timely filed his application. If it was timely filed, then the second issue is whether he is entitled to relief on his claim of ineffective assistance of counsel under 28 U.S.C. § 2254(d).

### IV. Analysis

**A. Statute of Limitations**

There is a one-year statute of limitation for filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 2244(d):

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>     (A) the date on which the judgment became final by the

> conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

For purposes of § 2244(d)(2), an application for collateral review is "pending" not only while it is under consideration, but also during the period after an adverse determination and when the defendant could have filed a notice of appeal. *Serrano v. Williams,* 383 F.3d 1181, 1184 (10th Cir. 2004); *see also Evans v. Chavis,* 546 U.S. 189, 191 (2006). In addition, a post-conviction petition which is untimely filed under state law does not toll the limitation period for purposes of § 2244(d)(2). *Allen v. Siebert*, _ U.S. _, 128 S. Ct. 2 (2007).

Mr. Gross does not contend that there was any state action which impeded him from timely filing this action (subsection B), that his right to effective assistance of counsel is a newly recognized right (subsection C), or that the factual predicate of his claims could not have been discovered earlier (subsection D). Thus, the statute of limitation began to run on the date when the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review (subsection A).

4

Here, the judgment became final 45 days after May 28, 1998 – *i.e.*, July 12, 1998 – when the time for filing a direct appeal expired. *See* C.A.R. 4(b). Thus, Mr. Gross had one year from July 12, 1998, to file his habeas application. Toward this one-year period, the Court "shall not count[]" times during which Mr. Gross had a "properly filed application for State post-conviction or other collateral review[.]" 28 U.S.C. § 2244(d)(2). Conversely, the Court <u>must</u> count the time during which Mr. Gross had no such properly filed application.

Using these standards, Mr. Gross first had a "properly filed application" on August 28, 1998, when he filed a motion for reconsideration of his sentence (which this Court treats as a motion for collateral review). As of August 28, 1998, a period of **47 days** from the finality of the judgment had expired. These days count against the one-year limitation period.

The state court denied the motion on September 23, 1998. Mr. Gross sought no further review of that order, but could have done so until 45 days later on November 7, 1998. *See Serrano*, *supra*. Therefore, the Court does not count the period between August 28 and November 7, 1998, against the one-year limitation period.

After November 7, 1998, Mr. Gross had no properly filed application until May 20, 1999, when he filed his first motion for post-conviction relief. The elapsed time is another **174 days**, which counts against the limitation period. As of May 20, 1999, 221 days were countable towards the one-year limitation period. The state court denied the motion for post-conviction relief on a date which is not apparent from the record, but is unimportant because Mr. Gross appealed the determination to the Colorado Court of Appeals. The Colorado Court of Appeals affirmed the district court's ruling on April 27, 2000. Mr. Gross then filed a petition for *certiorari* review in the Colorado Supreme Court on July 20, 2000. Apparently the Supreme

5

Court denied *certiorari* review,[1] because the Colorado Court of Appeals issued a mandate on September 6, 2000, which is the operative date. As a consequence, the Court does not count the period between May 20, 1999 and September 6, 2000 against the limitations period.

After September 6, 2000, Mr. Gross filed no application until May 14, 2001. On that date, he filed a second motion for post-conviction relief. Between September 6, 2000 and May 14, 2001, **250 days** elapsed. Totalled, 471 days had elapsed from the finality of the judgment. Thus, as of the filing of the second motion for post-conviction relief, the entire period for seeking relief in this court had passed.

The Court further notes that additional time passed before this action was initiated. The application which Mr. Gross filed on May 14, 2001, was "properly filed" until August 11, 2001. The state court denied the second post-conviction motion on June 27, 2001, and Mr. Gross had until August 11, 2001 to appeal. He did not appeal.

After August 11, 2001, Mr. Gross had no properly filed application. He filed the Supplemental Motion on February 21, 2002, 194 days later.[2] Because the state court determined that the Supplemental Motion was untimely, under the Supreme Court's recent decision in *Allen*, such motion was not "properly filed" and did not stop the clock.

Mr. Gross has pointed to two events which he contends should excuse his untimely filing. First, he points to advice he received from his attorney in December 2004 as to when he could

---

[1] It appears from the record that the petition for *certiorari* review was not timely filed under the Colorado Rules of Appellate Procedure, because it was not filed by June 10, 2000 – within 44 days of the ruling by the Colorado Court of Appeals. *See* C.A.R. 52(b) (2000) & C.A.R. 40 (2000). However, the record is silent as to whether this is the reason the Colorado Supreme Court declined to hear the case.

[2] At least another **194 days** also can be added to the 471 days.

6

timely commence this action. However, this advice was rendered more than 3 years after the period for filing a habeas application had expired. Thus, any reliance by Mr. Gross on the advice was not to his detriment. Second, Mr. Gross contends that he was impeded from timely filing his application due to the stabbing he suffered in either late 2004 or early 2005, and the concomitant hospitalization, rehabilitation, and other custodial conditions which resulted from the stabbing. This also occurred after the expiration of the period for filing a habeas application and thus does not excuse its untimely filing. Therefore, the Court finds that Mr. Gross did not timely file his habeas application.

**B. Procedural Bar**

Even if Mr. Gross' petition had been timely filed, his claim is procedurally barred. A habeas petitioner is generally required to exhaust his state court remedies before seeking habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that a petitioner must give the state courts a fair opportunity to act on his claims before he presents them to a federal court in a habeas petition. *See id.* at 842, 844. To do so, a petitioner must invoke one complete round of the state's established appellate review process. *See id.* at 845.

If claims are time-barred under state law, they can be procedurally barred and not subject to review on the merits. *See Gonzales v. McKune*, 279 F.3d 922, 924 (10th Cir. 2002); *see also Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991). A procedural bar exists when the claim has been defaulted under an adequate and independent state procedural rule. *See Anderson v. Attorney General of State of Kansas*, 342 F.3d 1140, 1143 (10th Cir. 2003). To be adequate, the state procedural rule must have been firmly established and regularly followed as of the time of the purported default. *See id.* To be independent, the state rule must be independent of federal law.

7

*See Klein v. Neal,* 45 F.3d 1395, 1399 (10th Cir. 1995).

A procedural bar may be excused upon a showing of cause and actual prejudice or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). "Cause" usually requires a showing of an external impediment which prevented a petitioner from raising the claim. *See Murray v. Carrier*, 477 U.S. 478, 492 (1986). Absent a showing of cause, a court need not consider whether there was prejudice. *See Klein*, 45 F.3d at 1400. A fundamental miscarriage of justice is an extraordinary circumstance which occurs when a constitutional violation probably has caused the conviction of one innocent of the crime. *See McCleskey v. Zant*, 499 U.S. 467, 494 (1991). To establish a fundamental miscarriage of justice, a petitioner must make a "colorable showing" that he is factually innocent, *i.e.*, that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Hickman v. Spears,* 160 F.3d 1269, 1275 (10th Cir. 1998).

In this case, the state court declined to review the merits of Mr. Gross' claim because he did not file it within the 3-year time period prescribed by § 16-5-402(1), C.R.S. The time limitation established by § 16-5-402(1), C.R.S. is a firmly established and regularly followed procedural rule. *See Klein,* 45 F.3d at 1398. If a state court denies a post-conviction claim based upon this time limitation, it serves as both an adequate and independent state procedural bar to federal habeas review. *See id.* at 1398-99. Therefore, Mr. Gross' claim is procedurally barred. Unless he shows that the Court should excuse the procedural bar, then the Court is barred from granting relief.

Mr. Gross does not specifically argue any cause for his failure to timely present his claim

8

to the state court.

Because Mr. Gross appears *pro se*, the Court presumes that he would make the same arguments he made to the state court with regard to excusable neglect for his untimely application. At that juncture, Mr. Gross raised two arguments to support excusable neglect: (1) that he agreed to act as a confidential informant in July 2000 in exchange for a sentence reduction; and (2) he did not learn of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 446 (2000), until shortly before he filed his Supplemental Motion because he had been transferred between facilities and had been assaulted. The latter of these two arguments pertains to a claim not asserted in the instant application under 28 U.S.C. § 2254.

As for the former argument, it does not demonstrate why Mr. Gross failed to timely present his ineffective assistance of counsel claim to the state court. Because his claim of ineffective assistance of counsel rests upon the advice of counsel at the time of his guilty plea, the factual basis of his claim could have been known to him as early as 1998. Although he timely filed two post-conviction motions, he offers no explanation why he did not include his claim of ineffective assistance of counsel in either motion. Thus, there is no showing of "cause", nor resulting prejudice.

Finally, Mr. Gross does not contend that there will be a fundamental miscarriage of justice if the Court does not review his claim on the merits. In specific, he does not claim to be innocent of the offenses to which he pled guilty. He makes no showing or proffer that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *See Bousley,* 523 U.S. at 623.

**IT IS THEREFORE ORDERED** that Mr. Gross' Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2254 **(#2)** is **DENIED.** The Clerk of Court is directed to close this case.

Dated this 28th day of February, 2008

**BY THE COURT:**

Marcia S. Krieger
United States District Judge